UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CRIST,

        Plaintiff,        Case Number: 05-CV-74803

v.        HON. GEORGE CARAM STEEH

WARREN EVANS, ET AL.,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

Plaintiff David Crist, a state inmate currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Michigan. The Western District Court transferred the case to this Court because the events giving rise to Plaintiff's action occurred at Wayne County Jail. Prior to transferring the matter to this Court, the Western District granted Plaintiff's application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims as to Defendants Evans, Meyer, Alixsendra, Kiewicz, and Hardge pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may
    have been paid, the court shall dismiss the case at any time if the
    court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

I.

Plaintiff claims that, on November 9, 2003, he fell out of his top bunk and injured his 5th and 6th vertebrae, and, thereafter, received inadequate medical care.  Plaintiff alleges that Defendants violated his Eight Amendment right to medical care, a safe environment, hot water, and clean clothing and bedding, and conspired to do so, and retaliated against him for filing grievances.

A.

Plaintiff claims that Defendants Wayne County Sheriff Evans and Wayne County Undersheriff Meyer are responsible for the supervision, training, and discipline of jail staff. Plaintiff further claims that Defendant Kiewicz, an Internal Compliance Monitor, for the Wayne County Jail, is responsible for the supervision of staff at the jail.  Defendant Alixsendra is a social worker for Wayne County, and, according to Plaintiff, is responsible for the well being of prisoners in the Wayne County Jail system.  Plaintiff alleges no specific involvement of Evans, Meyer, Kiewicz or Alixsendra in the alleged Eighth Amendment violations or the alleged retaliation for filing grievances.  Thus, he alleges that they are liable based upon their supervisory authority.  The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see* Monell v. Department of Social Services of New York, 463 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Plaintiff has not alleged that defendants Evans, Meyer, Kiewicz or Alixsendra encouraged the alleged constitutional violations.  Accordingly, this Court must dismiss Plaintiff's claims against those defendants.

**B.**

Plaintiff identifies Defendant Hardge as an on-site civil rights worker for the Wayne County Jail.  He alleges that he spoke to her in June 2004 and advised her that he had been unable to see a doctor and that his phone had not been activated.  Defendant Hardge advised Plaintiff that "she would do what she could."  Complaint at p. 12.  Plaintiff also told her that he was fearful of being assaulted.  According to Plaintiff, Defendant Hardge advised him to call a deputy if he were assaulted.  These allegations fail to state a claim that Defendant Hardge violated or conspired to violate Plaintiff's rights under the Constitution.

**II.**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to Defendants Evans, Meyer, Kiewicz, Alixsendra and Hardge are **DISMISSED**.

The Clerk of Court shall serve the complaint on the remaining defendants.

**SO ORDERED**.

             s/George Caram Steeh
             GEORGE CARAM STEEH
             UNITED STATES DISTRICT JUDGE

Dated:  January 4, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on January 4, 2006, by electronic and/or ordinary mail.

             s/Josephine Chaffee
             Secretary/Deputy Clerk