**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DAVID CRIST,<br>      Plaintiff, | CIVIL ACTION NO. 05-CV-74803-DT |
| vs. | |
| | DISTRICT JUDGE GEORGE CARAM STEEH |
| WARREN EVANS, et al.,<br>      Defendants.<br>_____/ | MAGISTRATE JUDGE MONA K. MAJZOUB |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION:**

Dismiss without prejudice Defendant Mrs. Oats and Defendant John Doe pursuant to Fed. R. Civ. P. 4(m).

**II. REPORT:**

Plaintiff filed the instant Complaint on October 20, 2005 in the Western District of Michigan. On October 28, 2005 Plaintiff was allowed to proceed *in forma pauperis* and his Complaint was transferred to this District in December 2005. In the Complaint, Plaintiff alleges several violations under 42 U.S.C. § 1983. The United States Marshal was directed to effectuate service without prepayment of costs. In the meantime, Plaintiff was released from prison on parole on May 23, 2006, according to the Michigan Department of Corrections. Plaintiff has since successfully served Defendants Bell and Adams. They are now represented by counsel. However, Plaintiff has not shown that he has successfully served Defendants "Mrs. Oats" or "John Doe." Neither has made an appearance in this action. Counsel for the Wayne County Defendants has stated that the Wayne County Jail has no Mrs. Oats in its present or past employ. Plaintiff has not further identified Mrs. Oats or John Doe or offered alternate addresses for them.

-1-

The time for service of the summons and complaint is established under Fed. R. Civ. P. 4(m) which provides that service must be made within 120 days after the filing of the complaint. "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m). A plaintiff proceeding *in forma pauperis* is entitled to rely on officers of the Court to effect service. *See Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). However, a plaintiff may not remain silent and do nothing to effectuate service. *Vandiver v. Martin*, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004). At a minimum, the plaintiff must request service and attempt to remedy any apparent service defects of which he has knowledge. (*Id.*).

On August 10 and 28, 2007 this Court entered Orders for Plaintiff to Show Cause why these two Defendants should not be dismissed pursuant to Rule 4(m). (Docket nos. 30, 31). Notice through these Orders was sent to Plaintiff at his last address reported to the Court and also at a former address, a Salvation Army location. The Order mailed to the Salvation Army location was returned to the Court as undeliverable. (Docket no. 32). The copy of the Order sent to Plaintiff's last known address, 1337 Strongs Blvd., Rockwood, Michigan, was not returned. Plaintiff, however, failed to file any response to the Order to Show Cause, and the response deadline has now passed. The Court warned him that failure to comply with the Order could result in the dismissal of these Defendants. Plaintiff has therefore failed to show cause why these two Defendants should not be dismissed from this action, and they should be dismissed without prejudice.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 25, 2007  
s/ Mona K. Majzoub  
MONA K. MAJZOUB  
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon David Crist and Counsel of Record on this date.

Dated: September 25, 2007  
s/ Lisa C. Bartlett  
Courtroom Deputy